BOSTON AND MAINE RAILROAD *vs.* HENRY O. TRAFTON.

Middlesex.   January 16, 1890. — February 27, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Railroad Fare — Stop-over Check — Maine Statute.*

A railroad ticket, bought in another State for a passage thence to a point in this Commonwealth, was by a statute of the former State good for six years, and allowed passengers to stop over at will. The passenger stopped at an intermediate point in this Commonwealth, and received a stop-over check stating on its face

that it was good only for ten days. After that limit had expired, and within the six years, he renewed his journey, and tendered such check in payment of his fare, and it was refused. *Held*, that the statute only referred to transportation in the other State, and that the railroad company could maintain an action here against the passenger to recover his fare.

HOLMES, J. This is an action to recover fares for three journeys by the defendant upon the plaintiff's road in this State. The defendant in each instance tendered a stop-over check, which was refused. These checks were stated on their face to be good only for ten days, and the ten days had expired; but the defendant claimed the right to be carried without further payment, on the ground that he received the checks under protest in exchange for tickets from points in Maine to Boston, which he had purchased of the plaintiff in Maine, and that the Maine statutes made tickets good for six years, and allowed passengers to stop over at will. The court below refused to rule that the statute of Maine was binding upon the plaintiff within this Commonwealth, and the case comes before us on exceptions to this refusal.

It is a sufficient answer to the defendant's argument, that the statute upon which he relies is construed by the Supreme Judicial Court of Maine as applying only to transportation within the limits of that State. *Carpenter* v. *Grand Trunk Railway*, 72 Maine, 388. Obviously, a broader construction would lead to great confusion and trouble, apart from the constitutional questions mentioned by the court. Admitting, then, that the statute entered into the defendant's contract as an implied term, the contract so far as it embodied the statute was only that the defendant might stop over in Maine. As this disposes of the case, we do not consider other difficulties of the defence.

*Exceptions overruled.*

*A. H. Briggs*, for the defendant.
*W. I. Badger*, for the plaintiff.